DONAGHEY REAL ESTATE & CONSTRUCTION CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 1050.   Promulgated December 11, 1926.

1. A claimed loss, due to a judgment rendered against petitioner and another in a suit for personal injury, disallowed in the absence of evidence showing petitioner made the compromise settlement.

2. The probable useful life of a five-story building of fire proof construction determined to be 33⅓ years as of March 1, 1913, and depreciation thereon allowed at the rate of 3 per cent.

3. A salary paid a stockholder was not a reasonable compensation for the services rendered and the deduction claimed therefor not allowed.

*M. A. Matlock, Esq.*, for the petitioner.
*Thomas P. Dudley, Jr., Esq.*, for the respondent.

This proceeding results from the determination by respondent of deficiencies in income tax for the calendar years 1920 and 1921, in the respective amounts of $653.04 and $961.02. Petitioner assigns three errors in the determination of the deficiencies in question: (1) That a loss was sustained in the year 1920 in the amount of $500, which respondent has not allowed as a deduction; (2) that the salary of the secretary of the petitioner for the year 1921 in the amount of $3,599.22 has been disallowed as a deduction; and (3) that a reasonable allowance has not been made for depreciation.

### FINDINGS OF FACT.

Petitioner is a corporation organized and operating under the laws of Arkansas, with principal office at Seventh and Main Streets, Little Rock. It has an authorized capital stock of $100,000, par value of $100 per share. The stockholders during the years in question, and their stockholdings, were as follows:

| Name. | Number of shares. |
| --- | --- |
| Bruce Bullion | 1 |
| Mrs. George W. Donaghey | 700 |
| George W. Donaghey | 229 |

George W. Donaghey and Mrs. George W. Donaghey are husband and wife.

Petitioner owns a building situated at Seventh and Main Streets, Little Rock, Ark., which is five stories high, of fireproof construction, having a concrete foundation, brick walls, and a rubber fabric roof. The first floor of the building is wooden and the four upper floors of the building are concrete. There is a small basement sufficient to house only the heating plant. The building was erected on a site where a brick building had stood, which was destroyed by fire. The foundation was the same as that of the building which was destroyed by fire. The foundation is of concrete and about 2½ feet below the ground level. The brick salvaged from the burned building was used in the construction of the new building. The first story is used for store purposes and the upper stories have been partitioned for offices. The building is not adapted for a modern office building and, by reason of the erection of more modern buildings in Little Rock, is one-fourth vacant. It was stipulated at the hearing that the value of the building on March 1, 1913, was $194,386; the value of the elevators and enclosures was $11,527, and a rate of 5 per cent on the elevators and enclosures should be allowed for the years in question. On March 1, 1913, the building had a useful life of 33⅓ years.

In the year 1920 a tenant of the building owned by petitioner was killed by an elevator accident occurring in the building, and the heirs

of the deceased brought suit against George W. Donaghey, individual, and the Donaghey Real Estate & Construction Co. for damages by reason of the death. The petitioner carried insurance to protect itself against such damages. The policy of insurance protected petitioner to an amount not exceeding $5,000 in any one claim. The suit brought was compromised in the year 1920 for $5,000, the insurance company paying $4,500 and George W. Donaghey, $500.

Mrs. George W. Donaghey was secretary of petitioner during the year 1921 and, during the year, was paid a salary of $3,599.22. The business of the petitioner was the rental and management of the office building located at Seventh and Main Streets, Little Rock, Ark. During the year 1921 a manager for the building was employed at an annual salary of $1,825, his duties consisting of seeing that the building was maintained upon a paying basis and that it was fully rented, collecting rents, seeing that janitor and elevator employees performed their duties, and purchasing supplies for the building. The president of the petitioner, George W. Donaghey, also devoted a large part of his time to the management of the building, receiving a salary in the year 1921 of $5,000 for his services. His duties consisted of interviewing prospective tenants, seeing that tenants were not in arrears in the payment of their rent, and overseeing all improvements and repairs necessary to the efficient operation of the building. Mrs. George W. Donaghey made no leases for space in the building, did not interview prospective tenants, purchased no supplies for the building, took no part in directing any of the improvements or repairs to the building, collected no rents, and employed no help necessary to the efficient operation of the building. When her husband, George W. Donaghey, was out of the city, Mrs. Donaghey signed the necessary checks for the purchase of supplies or for the payment of employees' wages. She conferred with her husband as to the management and operation of the building, and, in the absence of her husband, went to the building two or three times each month to sign checks.

OPINION.

MILLIKEN: Petitioner sought to have us consider the year 1919, for which the respondent advised it of an overassessment. We have decided that we have no jurisdiction of the year in which no deficiency is determined. *Appeal of Cornelius Cotton Mills*, 4 B. T. A. 255.

Petitioner claims a loss of $500 for the year 1920, resulting from the settlement of a damage suit. If the $500 had been paid by the petitioner, there would be no question under the circumstances in this case that it should be allowed to deduct the losses claimed. The evidence shows that the payment was made by George W. Donaghey,

individual, who was also joined as co-defendant in the personal injury suit. He may have been acting for the petitioner, but we have no testimony that the corporation paid the same in satisfaction of the damage suit either to the plaintiffs in the suit or to George W. Donaghey. Consequently, having proved no payment, petitioner is not entitled to deduct the sum claimed.

Considering the entire testimony introduced at the hearing of this proceeding and the facts set forth in the findings of fact, we are of the opinion that the building of the petitioner had a useful life of 33⅓ years on March 1, 1913, and that the petitioner should be allowed depreciation on this building at the rate of 3 per cent per annum.

In an original petition filed, error was alleged in that the respondent had disallowed salary paid to Mrs. George W. Donaghey for the year 1920 in the amount of $3,300, but at the hearing of this proceeding counsel for the petitioner stated the issue would be waived, and accordingly we make no finding relative thereto. Petitioner, however, avers that it is entitled to a deduction of $3,599.22, representing salary paid to Mrs. George W. Donaghey in the year 1921. It is admitted by respondent that $3,599.22 was paid to her in the year 1921. Section 234 (a) of the Revenue Act of 1921, provides that in computing net income a corporation shall be allowed as a deduction a reasonable allowance for salaries paid as compensation for personal services actually rendered. It becomes necessary to determine if the salary of $3,599.22 paid to the secretary of the petitioner represents a reasonable allowance for personal services actually rendered. The business of the petitioner was that of managing and renting an office building. The building was not expensive or pretentious and was only five stories in height. The income-tax return filed for the calendar year 1921 discloses that rents were received in the sum of $42,025.04, and deductions from gross income claimed by the petitioner for the year amounted to $40,109.26, leaving a net income from the building of $1,915.78, which reported net income was entirely wiped out by the exemption of $2,000, resulting in no taxable income on the return as originally filed. However, upon an audit of the 1921 return by the respondent, net income was determined to be $9,610.20, resulting in the deficiency in question of $961.02. In the net income as redetermined by the respondent, is represented the salary disallowance of $3,599.22.

Petitioner employed during the year 1921 a manager for its building and paid him a salary for the year of $1,825. His duties consisted of seeing that the building was economically and efficiently managed—he interviewed prospective tenants, collected rents, purchased supplies and employed labor. George W. Donaghey, president of the petitioner, was paid a salary of $5,000 during the year 1921. His duties consisted of assisting the manager of the building,

collecting some accounts, supervising repairs and renovations of the building, signing the checks necessary for the payment of wages, and purchasing supplies.

Mrs. George W. Donaghey did not interview prospective tenants, make leases, purchase supplies, direct the making of repairs or improvements, or collect the rents. In the absence of her husband she went to the office of the petitioner two or three times a month to sign checks. George W. Donaghey testified that his wife frequently consulted with him as to the management of the building, but also stated on cross examination that it was the custom of his wife to counsel with him concerning all his business affairs and that her consultation did not confine itself to the management of the building of the petitioner. Based upon the services, as shown of record, which Mrs. George W. Donaghey performed, we are of the opinion that the salary of $3,599.22 was not a reasonable compensation for services performed in the year 1921 and must affirm the action of the respondent on this issue.

> *Judgment will be entered on 15 days' notice, under Rule 50.*